EXHIBIT 1



**Service of Process Transmittal**
04/30/2021
CT Log Number 539474404

**TO:** Alexandra Morgan
Amphenol Corporation
358 Hall Ave
Wallingford, CT 06492-3574

**RE:** **Process Served in Illinois**

**FOR:** Charles Industries, LLC (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHAD STEINBERG, individually and on behalf of all others similarly situated, Pltf. vs. Charles Industries, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH01793 |
| **NATURE OF ACTION:** | Quiet Title |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Springfield, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/30/2021 at 12:07 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2021, Expected Purge Date: 05/10/2021 |
| | Image SOP |
| | Email Notification, Sandy Nye snye@amphenol.com |
| | Email Notification, Christine Morris cmorris@amphenol.com |
| | Email Notification, Lance D'Amico lDAmico@Amphenol.com |
| | Email Notification, Alexandra Morgan amorgan@amphenol.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>600 S. 2nd St<br>Suite 104<br>Springfield, IL 62704<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
04/30/2021
CT Log Number 539474404

**TO:** Alexandra Morgan
Amphenol Corporation
358 Hall Ave
Wallingford, CT 06492-3574

**RE:** **Process Served in Illinois**

**FOR:** Charles Industries, LLC  (Domestic State: IL)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Apr 30, 2021

**Server Name:**             Sheriff Drop

| | |
|---|---|
| Entity Served | CHARLES INDUSTRIES, LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2021CH01793 |
| Jurisdiction | IL |



Hearing Date: 8/12/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL



\* 5 0 0 7 3 6 8 5 \*
FILED
4/14/2021 2:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01793

12954471

FILED DATE: 4/14/2021 2:31 PM 2021CH01793

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons – Alias Summons**              (03/15/21) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Chad Steinberg

_____
                 Plaintiff(s)

v.

Charles Industries, LLC        Case No.   2021CH01793 _____

_____
                 Defendant(s)

c/o CT Corporation System
208 S. LaSalle St, Suite 814, Chicago, IL 60604

_____
          Address of Defendant(s)

Please serve as follows (check one):   ⬚ Certified Mail   ⦿ Sheriff Service   ⬚ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE: Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org



**Summons - Alias Summons**                                          + (03/15/21) CCG 0001 B

FILED DATE: 4/14/2021 2:31 PM  2021CH01793

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-mail account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: __39042__                         Witness date __4/14/2021 2:31 PM IRIS Y. MARTINEZ__

◌ Pro Se 99500

Name: __Gregg Barbakoff__                         Iris Y. Martinez, Clerk of Court

Atty. for (if applicable): _____

Plaintiff Chad Steinberg                         ⊐ Service by Certified Mail

Address: __55 W. Monroe St, Suite 3390__         [ ] Date of Service: _____

City: __Chicago__                                (To be inserted by officer on copy left with employer or other person)

State: __IL__    Zip: __60603__

Telephone: __312-726-1092__

Primary Email: __GBarbakoff@Keoghlaw.com__

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3



FILED DATE: 4/14/2021 2:31 PM   2021CH01793

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
         OR
         ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 8/12/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
Cook County, IL



* 5 0 0 7 3 6 8 5 *
FILED
4/14/2021 2:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01793

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

12954471

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Chad Steinberg

_____
Plaintiff(s)

v.

Charles Industries, LLC

Case No. 2021CH01793

_____
Defendant(s)

c/o CT Corporation System
208 S. LaSalle St, Suite 814, Chicago, IL 60604

_____
Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ◉ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FILED DATE: 4/14/2021 2:31 PM   2021CH01793



**Summons - Alias Summons**
• (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efilc.illinoiscourts.gov/ service providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| ⦿ Atty. No.: 39042 | Witness date 4/14/2021 2:31 PM IRIS Y. MARTINEZ |
| ⦾ Pro Se 99500 | |
| Name: Gregg Barbakoff | Iris Y. Martinez, Clerk of Court |
| Atty. for (if applicable): | ☐ Service by Certified Mail |
| Plaintiff Chad Steinberg | |
| Address: 55 W. Monroe St, Suite 3390 | Date of Service: _____ |
| City: Chicago | (To be inserted by officer on copy left with employer or other person) |
| State: IL   Zip: 60603 | |
| Telephone: 312-726-1092 | |
| Primary Email: GBarbakoff@Keoghlaw.com | |

FILED DATE: 4/14/2021 2:31 PM   2021CH01793



**\* 5 0 0 7 3 6 8 5 \***

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
            OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Return Date: No return date scheduled
Hearing Date: 8/12/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
Cook County, IL

* 5 0 0 7 3 6 8 5 *
FILED
4/14/2021 1:24 PM
IRIS Y. MARTINÈZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01793

12952187

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

CHAD STEINBERG, *individually and on*
*behalf of all others similarly situated,*

           Plaintiff,

v.

CHARLES INDUSTRIES, L.L.C.,

           Defendant.

Case No. 2021CH01793

FILED DATE: 4/14/2021 1:24 PM 2021CH01793

## CLASS ACTION COMPLAINT

    Plaintiff Chad Steinberg, individually and on behalf of all other persons similarly situated,

by his undersigned attorneys, as and for his Class Action Complaint for violations of the Illinois

Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*., against Defendant Charles

Industries, L.L.C. ("Charles Industries" or "Defendant"), alleges on personal knowledge, due

investigation of his counsel, and, where indicated, on information and belief as follows:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action for damages and other legal and equitable remedies

resulting from the illegal actions of Defendant in collecting, storing and using his and other

similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to

collectively at times as "biometrics") without obtaining informed written consent or providing the

requisite data retention and destruction policies, in direct violation of BIPA.

    2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique

identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For

---

[1]    A "biometric identifier" is any personal feature that is unique to an individual, including
fingerprints, iris scans, DNA and "face geometry", among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a
person's biometric identifier used to identify an individual.



* 5 0 0 7 3 6 8 5 *

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4. The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5. Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6. Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7. Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

8. In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used—without first providing notice, obtaining informed written consent or publishing data retention policies—the hand geometry and associated personally

- 2 -

FILED DATE: 4/14/2021 1:24 PM 2021CH01793



* 5 0 0 7 3 6 8 5 *

identifying information of hundreds of its employees (and former employees), who are being required to "clock in" with their handprints.

9.      Plaintiff left Defendant's employ in approximately October 2017 and was "clocking in" using his hand geometry during his tenure of employment with Defendant.

10.     If Defendant's database of digitized hand geometries were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

11.     BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

12.     Yet, Defendant never adequately informed Plaintiff or the Class of its biometrics collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

13.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois.

15.     Venue is proper in this County pursuant to because Defendant conducts its usual and customary business in this County, where it maintains its corporate headquarters and registered

FILED DATE: 4/14/2021 1:24 PM   2021CH01783



* 5 0 0 7 3 6 8 5 *

agent for service of process. 735 ILCS 5/2-102(c).

FILED DATE: 4/14/2021 1:24 PM 2021CH01783

## PARTIES

16.     Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

17.     Defendant Charles Industries, L.L.C. is a domestic limited liability company that manufactures and sells network infrastructure solutions. Defendant does business throughout the State of Illinois, and maintains its corporate headquarters at 1450 American Lane, Schaumburg, Illinois.

## FACTUAL BACKGROUND

### I.     Illinois' Biometric Information Privacy Act.

18.     The use of a biometric scanning system in the workplace entails serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—facial geometry is a permanent, unique biometric identifier associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a device or database containing employees' facial geometry data is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

19.     Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as facial geometry. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276.

20.     BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

   (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;



* 5 0 0 7 3 6 8 5 *

(2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

21. Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

22. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, hand geometry) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

## II. Defendant Violates Illinois' Biometric Information Privacy Act.

23. Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital copies of each employee's hand geometry during the employee onboarding process and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facilities – all without ever informing anyone of this practice in writing.

- 5 -



* 5 0 0 7 3 6 8 5 *

24.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois employees who had their hand geometry collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

25.     In direct violation of § 15(a) of BIPA, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers and/or biometric information.

**III.     Plaintiff Charles Steinberg' Experience.**

26.     Plaintiff worked at Defendant's Rantoul, Illinois facility until approximately October 2017.

27.     During the course of Plaintiff's employment, Defendant required Plaintiff track his time and attendance through a biometric timekeeping system that featured a handprint scanner.

28.     This device scanned and collected digital copies of Plaintiff's unique hand geometry, which Defendant stored in an electronic database.

29.     Then, Defendant's biometric timekeeping system compared Plaintiff's unique hand geometry against the hand geometry previously stored in Defendant's database.

30.     On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

31.     Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of his unique biometric identifiers and/or biometric information.



* 5 0 0 7 3 6 8 5 *

32.     Further, Defendant never provided Plaintiff with nor did he ever sign a written release allowing Defendant to collect or store his unique biometric identifiers and/or biometric information.

33.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of his unique biometric identifiers and/or biometric information.

34.     By collecting Plaintiff's unique biometric identifiers and/or biometric information without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics.

35.     Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying his biometric identifiers and biometric information.

36.     Thus, Plaintiff has no reason to believe Defendant actually destroyed his biometric information, despite that the sole reason Plaintiff provided his biometric information (*i.e.* clocking in and out of work) is now moot.

## CLASS ALLEGATIONS

37.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their hand geometry collected, captured, received or otherwise obtained and/or stored by Defendant during the applicable statutory period.

38.     **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization

- 7 -



FILED DATE: 4/14/2021 1:24 PM   2021CH01793

of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

39. **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> (a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;
>
> (b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;
>
> (c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;
>
> (d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;
>
> (e) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;
>
> (f) whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and
>
> (g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.



* 5 0 0 7 3 6 8 5 *

40.    **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

41.    **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

- 9 -



\* 5 0 0 7 3 6 8 5 \*

FILED DATE: 4/14/2021 1:24 PM 2021CH01793

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

44.     Defendant failed to comply with these BIPA mandates.

45.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

46.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

47.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

48.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

49.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.



* 5 0 0 7 3 6 8 5 *

50.     As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

51.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

52.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

- 11 -



* 5 0 0 7 3 6 8 5 *

54.     Defendant failed to comply with these BIPA mandates.

55.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

56.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

57.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

58.     Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

59.     Defendant never informed Plaintiff, and never informed any member of the Class at least prior to October 2017, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

60.     By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

61.     These violations stemmed from a deliberate, company-wide policy to implement a biometric timekeeping system at Defendant's Illinois facilities. To that end, Defendant specifically

- 12 -



* 5 0 0 7 3 6 8 5 *

intended to collect Plaintiff's and the Class's unique biometric identifiers and/or information for the purpose of tracking their time and attendance.

62. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Charles Steinberg, on behalf of himself and the proposed Class,

respectfully requests that this Court enter an Order:

- A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;
- B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;
- C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;
- D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;
- E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);
- F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

- 13 -

FILED DATE: 4/14/2021 1:24 PM 2021CH01793



* 5 0 0 7 3 6 8 5 *

G. Awarding such other and further relief as equity and justice may require.

Dated: April 14, 2021                          Respectfully submitted,

                                               **CHARLES STEINBERG, individually and on behalf
                                               of all others similarly situated,**

                                               By: /s/ Gregg M. Barbakoff
                                                   Keith J. Keogh
                                                   Gregg M. Barbakoff
                                                   KEOGH LAW, LTD. (FIRM 39042)
                                                   55 W. Monroe St., Suite 3390
                                                   Chicago, Illinois 60603
                                                   Firm No. 39042
                                                   Tel.: (312) 726-1092
                                                   Fax: (312) 726-1093
                                                   keith@keoghlaw.com
                                                   gbarbakoff@keoghlaw.com

                                               *Attorneys for Plaintiff and the Putative Class*



\* 5 0 0 7 3 6 8 5 \*

FILED DATE: 4/14/2021 1:24 PM   2021CH01793

**Chancery Division Civil Cover Sheet**
**General Chancery Section**                                                   **(12/01/20) CCCH 0623**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

Chad Steinberg

                                                   Plaintiff
                                v.                                    Case No: _____

Charles Industries, LLC

                                                   Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | Administrative Review | | 0017 | Mandamus | |
| 0001 | ☑ Class Action | | 0018 | Ne Exeat | |
| 0002 | Declaratory Judgment | | 0019 | Partition | |
| 0004 | Injunction | | 0020 | Quiet Title | |
| | | | 0021 | Quo Warranto | |
| 0007 | General Chancery | | 0022 | Redemption Rights | |
| 0010 | Accounting | | 0023 | Reformation of a Contract | |
| 0011 | Arbitration | | 0024 | Rescission of a Contract | |
| 0012 | Certiorari | | 0025 | Specific Performance | |
| 0013 | Dissolution of Corporation | | 0026 | Trust Construction | |
| 0014 | Dissolution of Partnership | | 0050 | Internet Take Down Action (Compromising Images) | |
| 0015 | Equitable Lien | | | | |
| 0016 | Interpleader | | | Other (specify) _____ | |

☉ Atty. No.: 39042 _____   Pro Se 99500

Atty Name: Gregg Barbakoff

Atty. for: Plaintiff Chad Steinberg

Address: 55 W. Monroe St, Suite 3390

City: Chicago _____   State: IL

Zip: 60603

Telephone: 312-726-1092

Primary Email: GBarbakoff@keoghlaw.com

Pro Se Only:  ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

FILED
4/14/2021 2:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01793

12954471

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION**

CHAD STEINBERG, *individually and on
behalf of all others similarly situated*,

                Plaintiff,

   v.

CHARLES INDUSTRIES, L.L.C.,

              Defendant.

Case No. 2021CH01793

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Chad Steinberg ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011).

In support of his Motion, Plaintiff states as follows:

### INTRODUCTION

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Charles Industries, L.L.C. ("Defendant"). Defendant, a company engaged in the manufacture and sales of network infrastructure solutions, captured, collected, stored, and used its employees' biometric information and identifiers to track their time at work. In so doing, the Defendant has violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and

by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, he commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I.      THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 1 n.1; *id.* at n.2.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. Compl., ¶ 3.

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

## II.      FACTUAL BACKGROUND

### A.      The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of individuals within the state of Illinois. Compl., ¶¶ 23, 38. During the relevant time period in the State of Illinois, Defendant implemented biometric handprint scanning and recognition technology to collect biometric information from its employees, including Plaintiff, to track their exact "clock-in" and "clock-out" times. *Id.* at ¶¶ 23, 27-30. Each hand geometry extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 2. Defendant used its biometrics technology to capture, collect, and store Plaintiff's and other Class member's biometrics. *Id.* at ¶ 58. However, Defendant failed to obtain informed written consent from its employees, including Plaintiff, before capturing and collecting their biometric information. *Id.* Defendant failed to provide its employees, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy the individuals' biometric information and/or biometric identifiers. *Id.* at ¶¶ 48-49.

Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain his biometrics, and if they do, for how long they intend to retain such information without his consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* at ¶ at 48. Despite its practice of taking the biometric information of every employee who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information. *Id.* at ¶¶ 31-35.

### B.      The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

- 3 -

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

> All individuals who, while residing in the State of Illinois, had their hand geometry collected, captured, received or otherwise obtained and/or stored by Defendant.

Compl., ¶ 37.  As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.  ARGUMENT

### A.  Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
>
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)  The representative parties will fairly and adequately protect the

- 4 -

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

## B.     The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several hundred members of the Class. Compl., ¶ 38. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the

members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 39.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

### D.       The Adequate Representation Requirement is Satisfied.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored his biometrics. Compl., ¶ 1. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. *See* Declaration of Keith J. Keogh, ¶¶ 4-32, attached hereto as **Exhibit A**. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Compl., ¶ 40. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will

vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

**E.**     **Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to those effected, but

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 41. Even if every member of the Class could afford to pursue individual litigation, the court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Keogh Law Ltd as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: April 14, 2021

Respectfully submitted,

**CHAD STEINBERG, individually and on behalf of all others similarly situated,**

By: _/s/ Gregg M. Barbakoff_
    Keith J. Keogh
    Gregg M. Barbakoff
    KEOGH LAW, LTD. (FIRM NO. 39042)
    55 W. Monroe St., Suite 3390
    Chicago, Illinois 60603
    Firm No. 39042
    Tel.: (312) 726-1092
    Fax: (312) 726-1093
    keith@keoghlaw.com
    gbarbakoff@keoghlaw.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

**Firm No. 39042**

**IN THE**
**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| CHAD STEINBERG, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: 2021CH01793 |
| v. ) ) ) | |
| CHARLES INDUSTRIES, L.L.C., ) ) | |
| Defendant. ) | |

**DECLARATION OF KEITH J. KEOGH**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1.     Keogh Law, Ltd. consists of six attorneys and focuses on consumer protection class actions.

2.     The firm was class counsel in the two largest Telephone Consumer Protection Act ("TCPA") settlements in the country. *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons) and *Capital One Telephone Consumer Protection Act Litigation*, et al., 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison Counsel and additional Class Counsel)(Final Approval Granted February 12, 2015 for a $75 million settlement).

3.     Keogh Law was also class counsel in the four largest all-cash class action settlements involving an anti-identity theft law that aims to protect the privacy of personal information, called, FACTA. *Flaum v Doctors Associates,* 16-CV-61198-CMA (S.D. Fla. Pending Final Approval)($30.9 million dollars); *Legg v. Laboratory Corporation of America Holdings*, No.

105009

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

14-cv-61543-RLR (S.D. Fla., filed July 6, 2014) ($11 million dollars); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC (S.D. Fla., filed Aug. 29, 2014) ($7.5 million dollars) and *Muransky v. Godiva Chocolatier, Inc.*, 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million dollars) (approved and affirmed, but subsequently vacated for lack of federal standing, to be re-filed).

4.      In addition to the above, the firm was lead or class counsel in the following class settlements: *Braver v. Northstar Alarm Services, LLC*, No. 5:17-cv-00383-F (W.D. Okla. Nov. 3, 2020) (TCPA); *Muransky et al. v. The Cheesecake Factory, In.*, No. 19-STCV-043875 (Sup. Ct. LA Cty. (Oct. 26, 2020) (FACTA) (preliminary approval); *Goel v. Stonebridge of Arlington Heights, et al.*, 2018 CH 11015 (Cir. Ct. Cook Cty. Jun. 8, 2020); *Cook v. Wal-Mart Stores, Inc., et al.*, No. 3:16-cv-673-BRD-JRK (M.D. Fla. Jun. 4, 2020) (TCPA); *Cranor v. The Zack Group, Inc.,* No. 4:18-cv-00628-FJG (W.D. Mo. May 18, 2020) (TCPA); *Keim v. ADF MidAtlantic, LLC,* 2018 U.S. Dist. LEXIS 204548 (S.D. Fla. Mar. 20, 2020) (TCPA); *Guarisma v. Alpargatas USA, Inc. d/b/a Havaianas,* Case No. 1:18-cv-24351-JEM (S.D. Fla. Feb. 27, 2020) (FACTA) (preliminary approval); *Hennessy, et al. v. Mid-America Apartment Communities, Inc., et al.*, 4:17-cv-00872-BCW (W.D. Mo. Aug. 8, 2019); *Detter v. KeyBank, N.A.*, No. 1616-cvl0036 (Jackson Cty., Mo. July 12, 2019) (FCRA); *Leung v XPO Logistics, Inc.*, 15 CV 03877 (N.D. Ill. 2018) (TCPA); *Martinez v. Medicredit*, 4:16CV01138 ERW (E.D. Mo. 2018) (TCPA); *Martin v. Wells Fargo Bank, N.A.*, 16-cv-09483 (N.D. Ill. 2018) (FCRA); *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc., et al*, 15-CV-02419-PGS-LHG (D. N.J. 2018)(TCPA); *Legg v. Am. Eagle Outfitters*, 2017 U.S. Dist. LEXIS 147645 (S.D.N.Y. Sept. 8, 2017), *aff'd* 923 F.3d 85 (2d Cir. 2019) (TCPA); *Stahl v. RMK Mgmt. Corp.*, 2015 CH 13459 (Cir. Ct. Cook Cty. Sept. 14, 2017); *Tripp v. Berman & Rabin, P.A.,* 2017 U.S. Dist. LEXIS 3971 (D. Kan. Jan. 9, 2017); *Markos v Wells Fargo*, 15-cv-01156-LMM (N.D. Ga.) (TCPA); *Ossola v Amex* 1:13-cv-04836

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

(N.D. Ill. 2016) (TCPA); *Luster v. Wells Fargo,* 15-1058-TWT (N.D. Ga.) (TCPA); *Prather v Wells Fargo*, 15-CV-04231-SCJ (ND. Ga) (TCPA); *Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.) (TCPA); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-JCH-RHS; *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation,* Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead); *De Los Santos v Millword Brown, Inc.*, 9:13-cv-80670-DPG (S.D. Fla.) (TCPA); *Allen v. JPMorgan Chase Bank, N.A.* 13-cv-08285 (N.D. Ill. Judge Pallmeyer) (TCPA); *Cooper v NelNet*, 6:14-cv-314-Orl-37DAB (M.D. Fl.) (TCPA); *Thomas v Bacgroundchecks*.com, 3:13-CV-029-REP (E.D. Va.) (additional class counsel); *Lopera v RMS*, 12-c-9649 (N.D. Ill. Judge Wood), *Kubacki v Peapod*, 13-cv-729 (N.D. Ill. Judge Mason); *Wojcik v. Buffalo Bills, Inc.*, 8:12 CV 2414-SDM-TBM (M.D. Fla. Judge Merryday) (TCPA); *Curnal v. LVNV Funding, LLC.*, 10 CV 1667 (Wyandotte County, KS 2014) (Unlicensed debt collector under KS law); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. Judge Gottschall) (TCPA) (co-lead); *Brian J. Wanca, J.D., P.C. v. L.A. Fitness International, LLC*, Case No. 11-CV-4131 (Lake County, Ill. Judge Berrones) (TCPA); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, L.L.C., et al*, 12-cv-3671 (N.D. Ill. 2013 Judge Gottschall) (TCPA); *Saf-T-Gard v TSI*, 10-c-7671, (N.D. Ill. Judge Rowland) (TCPA); *Cain v Consumer Portfolio Services, Inc.* 10-cv-02697 (N.D. Ill. Judge Keys) (TCPA); *Iverson v Rick Levin & Associates*, 08 CH 42955 Circuit Court Cook County (Judge Cohen) (TCPA); *Saf-T-Gard v Seiko*, 09 C 776 (N.D. Ill. Judge Bucklo) (TCPA); *Jones v. Furniture Bargains, LLC*, 09 C 1070 (N.D. Ill) (FLSA collective action); *Saf-T-Gard v Metrolift*, 07 CH 1266 Circuit Court Cook County (Judge Rochford) (Co-Lead) (TCPA); *Bilek v Countrywide,* 08 C 498 (N.D. Ill. Judge Gottschell); *Pacer v. Rochenback,* 07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises* v.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

*Wheaton Winfield Dental Associates,* 04 CH 01613, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting v. SunGard,* 03 CH 21135, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting v. Golndustry*, 03 CH 21136, Circuit Court Cook County (Judge McGann) (TCPA).

5.      In addition, Mr. Keogh was the attorney primarily responsible for the following class settlements: *Wollert v. Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA,* 98 CH 2782, Circuit Court of Cook County (Judge Billik); *McDonald* v. *Washington Mutual Bank,* supra; *Wright* v. *Bank One Credit Corp.,* 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga* v. *Columbia Mortgage,* 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier* v. *Provident Mortgage,* 00 C 5464 (N.D. Ill. Judge Coar); *Largosa* v. *Universal Lenders,* 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga* v. *GNMortgage,* (N.D. Ill. Judge Holderman); *Williams* v. *Mercantile Mortgage,* 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid* v. *First American Title,* 00 C 4000 (N.D. Ill. Magistrate Judge Ashman); *Fabricant* v. *Old Kent, 99* C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits* v. *Sears,* 99 C 4730 (N.D. Ill. Magistrate Judge Brown); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill. Judge Alesia).

6.      The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery was 100% of their actual damages resulting in a payout of $1,000 to $9,000 per class member. In another case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431. *McDonald v. Washington Mutual Bank*.

7.      In addition to the above settlements, Keogh Law was appointed class counsel in *Keim v. ADF MidAtlantic*, LLC, 328 F.R.D. 668 (S.D. Fla. 2018) (TCPA); *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018) (TCPA); *Braver v. Northstar Alarm Services, LLC*, 329 F.R.D. 320 (W.D. Okla. 2018) (TCPA); *Altman v. White*

4

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

*House Black Mkt., Inc.*, 2017 U.S. Dist. LEXIS 221939 (N.D. Ga. Oct. 25, 2017), *aff'd*, 2018 U.S. Dist. LEXIS 169828 (N.D. Ga. Feb. 12, 2018) (FACTA); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *In Re Convergent Outsourcing, Inc. Tel. Cons. Prot. Act Litig.*, Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead); *Galvan v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA)*; Pesce v First Credit Services*, 11-cv-01379 (N.D. Ill. December 19 2011) (TCPA); *Smith v Greystone Alliance*, 09 CV 5585 (N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D. Ill. 2008)(Co-Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008) (FACTA); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008)( FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008) (FACTA); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596 (N.D. Ill. 2008) (FACTA); *Pacer v. Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008) (FACTA).

8.     Some reported cases of the firm involving consumer protection include: *Breda v. Cellco P'ship*, 934 F.3d 1 (1st Cir. 2019); *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337 (7th Cir. 2018); *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017) (finding a "nuisance and invasion of privacy resulting from a single prerecorded telephone call"); *Franklin v. Parking Revenue Recovery Servs.,* 832 F.3d 741 (7th Cir. 2016); *Leeb v. Nationwide Credit Co.*, 806 F.3d 895 (7th Cir. 2015); *Galvan v. NCO Portfolio Mgmt. Inc.*, 794 F.3d 716, 721 (7th Cir. 2015); S*mith v. Greystone,* 772 F.3d 448 (7th Cir. 2014); *Clark v Absolute Collection Agency,* 741 F.3d 487 (4ᵗʰ 2014); *Lox v. CDA, Ltd.,* 689 F.3d 818 (7th Cir. 2012); *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012); *Catalan v. GMAC Mortgage Corp.*, No. 09-2182 (7th Cir. 2011); *Gburek v. Litton Loan*, 614 F.3d 380 (7th Cir. 2010); *Sawyer v. Ensurance Insurance Services* consolidated

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

with *Killingsworth v. HSBC Bank Nev., NA.,* 507 F3d 614, 617 (7th Cir. 2007), *Echevarria et al. v. Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001*); Demitro* v. *GMAC,* 388 Ill. App. 3d 15, 16 (1st Dist. 2009); *Hill v. St. Paul Bank,* 329 Ill. App. 3d 7051, 1768 N.E.2d 322 (1st Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig.,* 2009 U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.,* 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins v. Equifax, Inc.,* 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009*); Harris v. DirecTV Group, Inc.,* 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin v. Wal- Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins v. Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,* 2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris v. Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. 2007); *Stegvilas v. Evergreen Motors, Inc.,* 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook v. River Oaks Hyundai, Inc.,* 2006 U.S. Dist. LEXIS 21646 (N.D. Ill. 2006); *Gonzalez v. W. Suburban Imps.,* Inc., 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon v. GrandAuto Sales, Inc.,* 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams v. Precision Recovery, Inc.,* 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe v. Templeton,* 2003 U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala v. Sonnenschein Fin. Servs.,* 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos v. Rizza Chevrolet, Inc., 2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel v. Pap's Auto Sales, Inc.,* 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone v. Bank of America,* 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon v. Washington Mutual Bank,* 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog v. HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos* v. *Intercounty Title,* 196 F.R.D. 496 (N.D. Ill. 2000); *Batten v. Bank One,* 2000 WL 1364408 (N.D. Ill. 2000); *McDonald v. Washington Mutual Bank,* 2000 WL 875416 (N.D. Ill. 2000); and *Williamson v. Advanta Mtge Corp.,* 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

*Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

9. Mr. Keogh has argued before the Seventh Circuit, the First District of Illinois and the MultiLitigation Panel in *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012)*; Catalan* v *GMACM* (7th Cir. 2010); *Gburek v. Litton Loan Servicing* (7th Cir. 2009); *Sawyer* v *Esurance* (7th Cir. 2007), *Echevarria, et al. v. Chicago Title and Trust Co.* (7th Cir. 2001); *Morris* v *Bob Watson,* (lst. Dist. 2009); *Iverson v. Gold Coast Motors Inc.,* (lst. Dist. 2009); *Demitro* v. *GMAC* (1st Dist. 2008), *Hill v. St. Paul Bank* (1st Dist. 2002), and *In Re: Sears, Roebuck & Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389). *Echevarria* was part of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

10. His published works include co-authoring and co-editing the 1997 supplement to *Lane's Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

11. Mr. Keogh has lectured extensively on consumer litigation, including extensively on class actions and the TCPA.  For example, he:

a.   Presented at the 2018 Fair Debt Collection Training Conference for two sessions on the TCPA.

b.  Presented at the National Consumer Law Center 2017 annual conference on the TCPA.

c.  Presented at the National Consumer Law Center 2016 annual conference on the TCPA.

d.  Presented at the 2016 Fair Debt Collection Training Conference for a session on TCPA Developments.

e.  Presented for the National Association of Consumer Advocates November 2015 webinar titled Developments and Anticipated Impact of Recent FCC TCPA Rules.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

f.   Presented at the National Consumer Law Center 2015 annual conference in San Antonio, Tx. on the TCPA.

g.   Presented at the 2015 Fair Debt Collection Training Conference for three sessions on the TCPA.

h.   Presented at the National Consumer Law Center 2014 annual conference in Tampa Fl. for two sessions on the TCPA.

i.   Panelist for the December 2013 Strafford CLE Webinar titled TCPA Class Actions: Pursuing or Defending Claims Over Phone, Text and Fax Solicitations.

j.   Panelist for the December 2014 Chicago Bar Association Class Action Seminar titled "Class Action Settlements in the Seventh Circuit: Navigating Turbulent Waters."

k.   Presented at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

l.   Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPI lectured at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

m.   Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology.

n.   Presented for the National Association of Consumer Advocates November 2013 webinar titled Current Telephone Consumer Protection Act Issues Regarding Cell Phones.

o.   Presenter for the November 2013 Chicago Bar Association Class Action Committee presentation titled Future of TCPA Class Actions.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

p.  Speaker at the Social Security Administration's Chicago office in August 2013 on a presentation on identity theft, which included consumers' rights under the Fair Credit Reporting Act.

q.  Panelist for the May 14, 2013 Chicago Bar Association Class Action Seminar titled "The Shifting Landscape of Class Litigation" as well as for the March 20, 2013 Strafford CLE webinar titled "Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology."

r.  Lectured at the June 6, 2013 Consumer Law Committee of the Chicago Bar Association on the topic "Employment Background Reports under the Fair Credit Reporting Act: Improper consent forms to failure to provide background report prior to adverse action."

s.  Lectured at the 2013 Fair Debt Collection Training Conference for three sessions on the TCPA.

t.  Presented at the 2012 National Consumer Law Center annual conference for a session on the TCPA.

u.  Presented at the 2012 Fair Debt Collection Training Conference for a session on the TCPA.

v.  Panelist for Solutions for Employee Classification & Wage/Hour Issues at the 2011 Annual Employment Law Conference hosted by Law Bulletin Seminars.

w.  Lectured at the 2011 National Consumer Law Center conference for a session titled Telephone Consumer Protection Act: Claims, Scope, Remedies as well as lectured at the same 2011 National Consumer Law Center conference for a double session titled ABC's of Class Actions.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

x.   Taught *Defenses to Foreclosures* for Lorman Education Services, which was approved for CLE credit, in 2008 and 2010.

y.   Guest lecturer on privacy issues at University of Illinois at Urbana-Champaign School of Law. In March 2010.

z.   Guest speaker for the Legal Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A Period of Economic Uncertainty."

12.   Mr. Keogh was selected as an Illinois Super Lawyer in 2014-2018 and an Illinois Super Lawyer Rising Star each year from 2008 through 2013 and my cases have been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville Sun, Daily Herald and RedEye.

**Timothy J. Sostrin**

13.   Timothy J. Sostrin is a partner with the firm joining in 2011. He is a member in good standing of the Illinois bar, the U.S. District Court District of Colorado, U.S. District Court Northern District of Illinois, U.S. District Court Northern and Southern Districts of Indiana, U.S. District Court Eastern and Western Districts of Michigan, U.S. District Court Eastern District of Missouri, U.S. District Court Southern District of Texas and U.S. District Court Eastern and Western Districts of Wisconsin.

14.   Timothy J. Sostrin has zealously represented consumers in Illinois and in federal litigation nationwide against creditors, debt collectors, retailers, and other businesses engaging in unlawful practices.  Tim has extensive experience with consumer claims brought under the Fair Debt Collection Practices Act, The Telephone Consumer Protection Act, the Fair Credit Reporting Act, the Electronic Fund Transfer Act, and Illinois law. Some of Tim's representative cases

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

include: *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017) (argued); *Leeb v. Nationwide Credit Co.*, 806 F.3d 895 (7th Cir. 2015) (argued); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (granting class certification*); Galvan v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012)(granting class certification); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, (2012 U.S. Dist. LEXIS 174222 (N.D. Ill. December 6, 2012) (granting class certification); *Jelinek v. The Kroger Co.*, 2013 U.S. Dist. LEXIS 53389 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Hanson v. Experian Information Solutions, Inc.*, 2012 U.S. Dist. LEXIS 11450 (N.D. Ill. January 27, 2012) (denying defendant's motion for summary judgment); *Warnick v. DISH Network, LLC*, 2013 U.S. Dist. LEXIS 38549 (D. Colo. 2013) (denying defendant's motion to dismiss);*Torres v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31238 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Griffith v. Consumer Portfolio Serv.*, 838 F. Supp. 2d 723 (N.D. Ill. 2011)(denying defendant's motion for summary judgment); *Frydman et al v. Portfolio Recovery Associate*, 2011 U.S. Dist. LEXIS 69502  (N.D. Ill 2011) (denying defendant's motion to dismiss); *Rosen Family Chiropractic S.C. v. Chi-Town Pizza*, 2013 U.S. Dist. LEXIS 6385 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) (granting summary judgment on TCPA claim);

15.     Tim is a member of the National Association of Consumer Advocates and ISBA. He received his Juris Doctorate, *cum laude*, from Tulane University Law School in 2006.

**Michael S. Hilicki**

16.     In 2014, Michael Hilicki joined the firm. He has spent nearly all of his approximately 25-year legal career helping consumers and workers subjected to unfair and deceptive business practices, and unpaid wage practices. He is experienced in a variety of

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

consumer and wage-related areas including, but not limited to, the Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud & Deceptive Business Practices Act, Telephone Consumer Protection Act, Fair Labor Standards Act and the Illinois Wage & Hour Law. He is experienced in all aspects of consumer and wage litigation, including arbitrations, trials and appeals.

17. Examples of the numerous certified class actions in which Michael has represented consumers or workers include: *Goel v. Stonebridge of Arlington Heights, et al.*, 2018 CH 11015 (Cir. Ct. Cook Cty.); *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD (S.D. Fla.); *Guarisma v. Microsoft Corp.*, No. 15-cv-24326-CMA (S.D. Fla.); *Stahl v. RMK Mgmt. Corp.*, 2015 CH 13459 (Cir. Ct. Cook Cty.); *Altman v. White House Black Market, Inc.*, 15-cv-2451-SCJ (N.D. Ga.); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-CIV-JIC (S.D. Fla.); *Legg v. Laboratory Corporation of America, Holdings, Inc.*, No. 14-cv-61543-RLR (S.D. Fla.); *Joseph v. TrueBlue, Inc.*, 14-cv-5963-BHS (W.D. Wash.); *In Re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket No. 3:13-cv-1866-AWT (D. Conn); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018); *Eibert v. Jaburg & Wilk, P.C.*, 13-cv-301 (D. Minn.); *Kraskey v. Shapiro & Zielke, LLP*, 11-cv-3307 (D. Minn.); *Short v. Anastasi & Associates, P.A.*, 11-cv-1612 SRN/JSM (D. Minn.); *Kimball v. Frederick J. Hanna & Associates, P.C.*, 10-cv-130 MJD/JJG (D. Minn.); *Murphy v. Capital One Bank*, 08 C 801 (N.D. Ill.); *Nettles v. Allstate Ins. Co.*, 02 CH 14426 (Cir. Ct. Cook Cty.); *Sanders v. OSI Educ. Servs., Inc.*, 01 C 2081 (N.D. Ill.); *Kort v. Diversified Collection Servs., Inc.*, 01 C 0689 (N.D. Ill.); *Hamid v. Blatt Hasenmiller, et al.*, 00 C 4511 (N.D. Ill.); *Durkin v. Equifax Check Servs., Inc.*, 00 C 4832 (N.D. Ill.); *Torres v. Diversified Collection Services, et al.*, 99-cv-00535 (RL-APR) (N.D. Ind.); *Morris v. Trauner*

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

*Cohen & Thomas*, 98 C 3428 (N.D. Ill.), *Mitchell v. Schumann*, 97 C 240 (N.D. Ill.); *Pandolfi, et al. v. Viking Office Prods., Inc.*, 97 CH 8875 (Cir. Ct. Cook Cty.); *Trull v. Microsoft Corp.*, 97 CH 3140 (Cir. Ct. Cook Cty.); *Deatherage v. Steven T. Rosso, P.A.*, 97 C 0024 (N.D. Ill.); *Young v. Meyer & Njus, P.A.*, 96 C 4809 (N.D. Ill.); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 96 C 3233 (N.D. Ill.); *Holman v. Red River Collections, Inc.*, 96 C 2302 (N.D. Ill.); *Farrell v. Frederick J. Hanna*, 96 C 2268 (N.D. Ill.); *Blum v. Fisher and Fisher*, 96 C 2194 (N.D. Ill.); *Riter v. Moss & Bloomberg, Ltd.*, 96 C 2001 (N.D. Ill.); *Clayton v. Cr Sciences Inc.*, 96 C 1401 (N.D. Ill.); *Thomas v. MAC/TCS Inc., Ltd.*, 96 C 1519 (N.D. Ill.); *Young v. Bowman, et al.*, 96 C 1767 (N.D. Ill.); *Depcik v. Mid-Continent Agencies, Inc.*, 96 C 8627 (N.D. Ill.); and *Dumetz v. Alkade, Inc.*, 96 C 4002 (N.D. Ill.).

18.     Michael also has successfully argued a number of appeals, including *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018); *Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200 (11th Cir. 2018) (vacated following rehearing *en banc*); *Franklin v. Parking Rev. Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016); *Smith v. Greystone Alliance, LLC*, 772 F.3d 448 (7th Cir. 2014); *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004); and *Weizeorick v. ABN AMRO Mortg. Group, Inc.*, 337 F.3d 827 (7th Cir. 2003).

19.     Michael has lectured on consumer law issues at Upper Iowa University and the Chicago Bar Association. He is a member of the Trial Bar of the United States District Court for the Northern District of Illinois, and he has represented consumers in state and federal courts around the country on a *pro hac vice* basis.

20.     Michael's published work includes *"AND THE SURVEY SAYS..." When Is Evidence of Actual Consumer Confusion Required to Win a Case Under Section 1692g of the Fair Debt Collection Practices Act in the Seventh Circuit?*, 13 Loy. Consumer L. Rev. 224 (2001).

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

**Theodore H. Kuyper**

21.     In March 2018, Theodore H. Kuyper joined the firm.  Ted is currently a member in good standing of the Illinois State Bar, the United States District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals, and has been admitted to practice *pro hac vice* in several additional United States District Courts.

22.     Ted has diverse experience prosecuting and defending class action and other large-scale litigation in trial and appellate courts under a variety of substantive laws, including without limitation the Telephone Consumer Protection Act, the Racketeer Influenced & Corrupt Organizations Act (RICO), the Fair Credit Reporting Act, the Illinois Consumer Fraud & Deceptive Business Practices Act, and the Real Estate Settlement Procedures Act, as well as Illinois and other state statutory and common law.

23.     Since joining the firm, Ted has represented consumers as counsel of record or otherwise in the following putative class actions: *Cranor v. Skyline Metrics, LLC*, No. 4:18-cv-00621-DGK (W.D. Mo.); *Cranor v. The Zack Group, Inc.*, No. 4:18-cv-00628-FJG (W.D. Mo.); *Cranor v. Classified Advertising Ventures, LLC, et al.*, No. 4:18-cv-00651-HFS (W.D. Mo.); *Morgan v. Orlando Health, Inc., et al.*, No. 6:17-cv-01972-CEM-GJK (M.D. Fla.); *Morgan v. Adventist Health System/Sunbelt, Inc.*, No. 6:18-cv-01342-PGB-DCI (M.D. Fla.); *Burke v. Credit One Bank, N.A., et al.*, No. 8:18-cv-00728-EAK-TGW (M.D. Fla.); *Motiwala v. Mark D. Guidubaldi & Associates, LLC*, No. 1:17-cv-02445 (N.D. Ill.); *Buja v. Novation Capital, LLC*, No. 9:15-cv-81002-KAM (S.D. Fla.); and *Detter v. Keybank, N.A.*, No. 1616-CV10036 (Circuit Ct. of Jackson County, Missouri).

24.     Immediately prior to joining Keogh Law, Ted worked at a boutique Chicago law firm where he represented clients in a range of complex commercial and other litigation, including

14

FILED DATE: 4/14/2021 2:31 PM 2021CH01793

contract, tort, professional liability, premises and products liability, bad faith and class action. Previously, he was an associate at a nationally-renowned class action law firm, where he focused on complex commercial, consumer, class action and other large-scale, high-stakes litigation.

25.     Ted earned his Juris Doctorate from Washington University School of Law in St. Louis in 2007.  During law school, he worked as a Summer Extern for Magistrate Judge Morton Denlow (Ret.) of the United States District Court for the Northern District of Illinois, served as primary editor and executive board member of the Global Studies Law Review, and authored a student note that was published in 2007.  Ted also earned a number of scholarships and other academic accolades, including the Honors Scholar Award (top 10% for academic year) and repeated appearances on the Dean's List.

**Gregg Barbakoff**

26.     Gregg Barbakoff joined the firm in 2019. He is a civil litigator who focuses his practice on consumer law. Gregg has extensive experience litigating individual and class claims arising under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud and Deceptive Practices Act, Magnuson-Moss Warranty Act, and various consumer protection statutes.

27.     Gregg graduated *magna cum laude* from the Chicago-Kent College of law, where he was elected to the Order of the Coif. While in law school, Gregg received the Class of 1976 Honors Scholarship, competed as a senior member of the Chicago-Kent Moot Court Team, and served as an editor for The Seventh Circuit Review, in which he was also published. Gregg earned his undergraduate degree from the University of Colorado at Boulder.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

28.     Gregg has been named an Illinois Rising Star by *Superlawyers* Magazine each year since 2015, and was named an Associate Fellow by the Litigation Counsel of America.  He is licensed to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit

29.     Prior to joining Keogh Law, Gregg worked at a mid-size litigation firm that specialized in consumer litigation, and leading plaintiff's firm that focused on commercial disputes and consumer class actions.

30.     The following are representative class actions in which Gregg has served as counsel of record or otherwise: *Roberts v. TIAA, FSB* (Case No. 2019 CH 04089, Cook County, Ill.); *Corrigan v. Seterus* (Case No. 17-cv-02348); *Gentleman v. Mass. Higher Ed. Corp., et al* (Case No. 16-cv-3096, N.D. Ill.); *Cibula v. Seterus* (Case No. 2015CA010910, Palm Beach County, Fla.); *Ciolini v. Seterus* (Case No. 15-cv-09427, N.D. Ill.); *Mednick v. Precor Inc.* (Case No. 14-cv-03624, N.D. Ill.); *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc., et al.* (Case No. 14-cv-00949, N.D. Ill.); *Dr. William P. Gress et al. v. Premier Healthcare Exchange West, Inc.* (Case No. 14-cv-501, N.D. Ill.); *Stephan Zouras LLP v. American Registry LLC* (Case No. 14-cv-943, N.D. Ill.); *Mullins v. Direct Digital* (Case No. 13-cv-01829, N.D. Ill.); *In Re Prescription Pads TCPA Litig.* (Case No. 13-cv-06897, N.D. Ill) *Townsend v. Sterling* (Case No. 13-cv-3903, N.D. Ill); *Windows Plus, Incorporated v. Door Control Services, Inc.* (Case No. 13-cv-07072, N.D. Ill) *In re Energizer Sunscreen Litig.*, (Case No. 13-cv-00131, N.D. Ill.); *Padilla v. DISH Network LLC* (Case No. 12-cv-07350, N.D. Ill.); *Lloyd v. Employment Crossing* (Case No. BC491068 (Los Angeles County, Cal.); *In re Southwest Airlines Voucher Litig.* (Case No. 11-cv-8176, N.D. Ill.).

**William Sweetnam**

31.     William Sweetnam joined the firm in 2020 as of counsel. Mr. Sweetnam concentrates his practice class action and complex litigation and appeals, having prosecuted hundreds of consumer, shareholder and antitrust class action in federal and state courts across the country.  In addition to representing both plaintiffs and defendants in a wide variety of cases involving both economic and non-economic injuries, Mr. Sweetnam has acted as lead counsel, co-lead counsel and has been a member of the executive and steering committees in consumer, antitrust and other class action, complex and multidistrict litigation matters.

32.     Notably, Mr. Sweetnam was appointed sole lead counsel in *Kelly v. Old National Bank*, 82C01-1012-CT-627 (Cir. Ct Vanderburgh Cty., Ind.), in which he obtained a settlement valued at more than 90% of the class' damages incurred as a result of the unlawful overdraft fee scheme alleged therein, far exceeding the results obtained by much larger firms against some the countries' largest banks, resulting in individual consumers receiving several thousand dollars in refunded overdraft fees.

33.     Additionally, Mr. Sweetnam has numerous published, class action decisions including *Jett v. Warrantech Corp.*, ---F.Supp.3d---, 2020 WL 525045 (S.D. Ill. 2020); *Old Nat. Bank v. Kelly*, 31 N.E.3d 522 (Ind. App. 2014); *Nava v. Sears, Roebuck & Co.*, 995 N.E.2d 303 (1st Dist. 2013); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010); *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010); *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. 249 (S.D. W. Va. 2010); *Aleman v. Park West Galleries, Inc.*, 655 F. Supp. 2d 1378 (J.P.M.L. 2009); *In re Park West Galleries, Inc. Mktg. & Sales Practices Litig.*, 645 F. Supp. 2d 1358 (J.P.M.L. 2009); *In re Digitek Prod. Liab. Litig.*, 648 F. Supp. 2d 795 (S.D. W. Va. 2009); *Vernon v. Qwest Communs. Int'l, Inc.*, 643 F. Supp. 2d 1256 (W.D. Wash. 2009); *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

758 (N.D. Ohio 2009); *In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 626 F. Supp. 2d 1353 (J.P.M.L. 2009); *In re Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320 (J.P.M.L. 2009); *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009); *Coneff v. AT&T Corp.*, 620 F. Supp. 2d 1248 (W.D. Wash. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Nissan N. Am., Inc. Odometer Litig.*, 664 F. Supp. 2d 873 (M.D. Tenn. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Digitek Prods. Liab. Litig.*, 571 F. Supp. 2d 1376 (J.P.M.L. 2008); *In re BP Prods. N. Am., Inc.*, 560 F. Supp. 2d 1377 (J.P.M.L. 2008); *Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662 (E.D. Mich. 2008); *In re Nissan N. Am., Inc. Odometer Litig.*, 542 F. Supp. 2d 1367 (J.P.M.L. 2008); *Berry v. Budget Rent a Car Sys.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007); *Cook v. Home Depot U.S.A., Inc.*, 62 U.C.C. Rep. Serv. 2d (Callaghan) 197 (S.D. Ohio 2007); *Womack v. Nissan N. Am., Inc.*, 550 F. Supp. 2d 630 (E.D. Tex. 2007); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 405 F. Supp. 2d 916 (N.D. Ill. 2005); *Enzenbacher v. Browning-Ferris Indus. of Ill.*, 774 N.E.2d 858 (Ill. App. 2002); *In re Nat'l Life Ins. Co.*, 247 F. Supp. 2d 486 (D. Vt. 2002); *Kaskel v. N. Trust Co.*, 45 U.C.C. Rep. Serv. 2d (Callaghan) 827 (N.D. Ill. 2001); *Wardrop v. Amway Asia Pac. Ltd.*, Fed. Sec. L. Rep. (CCH) P91,346 (S.D.N.Y. Mar. 20, 2001); and *Grove v. Principal Mut. Life Ins. Co.*, 14 F. Supp. 2d 1101 (S.D. Iowa 1998).

34.     Before joining Keogh Law, Ltd., Mr. Sweetnam began his career as a lawyer representing plaintiffs in catastrophic injury cases in 1994. In 1995, he began defending corporate, insurance industry and insurance policyholder clients and ran a successful class action litigation boutique, Sweetnam LLC, established in 2008.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

FILED DATE: 4/14/2021 2:31 PM    2021CH01793

35.     Prior to that, Mr. Sweetnam was a partner at a Chicago class action litigation boutique, where he perfected his skills representing victims of consumer fraud and deceptive and anti-competitive practices.  Mr. Sweetnam has extensive litigation experience in a variety of nationwide class actions in state and federal courts alleging violations of consumer fraud and deceptive trade practices statutes, breach of warranty and violations of federal securities laws, shareholder derivative suits and appeals.

36.     Mr. Sweetnam began his career as a class action and complex litigation practitioner with what is now known as Kessler Topaz Meltzer & Check, LLP, one of the largest class action law firms in the United States, where he was part of a team of lawyers involved in prosecuting class actions challenging abusive marketing practices in several areas involving life insurance and annuities. These cases led to class settlements valued at hundreds of millions of dollars, and sometimes even billions of dollars, with such major life insurance companies as Prudential, Met Life, John Hancock, New York Life, State Farm, American Express/IDS, Transamerica, and many others, as well as to numerous changes in industry sales practices.

37.     Mr. Sweetnam continued his career at one of Chicago's oldest and most respected class action litigation firms, Krislov & Associates, Ltd., where he represented consumers and investors engaged in an array of nationwide class actions in state and federal courts involving everything from consumer fraud to breach of warranty and securities and shareholder derivative lawsuits and appeals.

38.     Additionally, Ms. Sweetnam is also a member of a number of associations, including The Federal Bar Associations, Chicago Chapter, The Chicago Bar Association, and The Catholic Lawyers Guild of Chicago.

FILED DATE: 4/14/2021 2:31 PM   2021CH01793

39.     Mr. Sweetnam received his bachelor's degree at The University of Michigan, Ann Arbor, Michigan in 1990. And later received his juris doctorate degree at the University of Michigan and the De Paul University College of Law where he received the American Jurisprudence Award in Constitutional Law and was a member of the Journal of Art and Entertainment Law.  He has written and lectured on class actions and class action litigation reform.

40.     Mr. Sweetnam has lectured on and lectured on such topics as the following: (a) *Law of Remedies: Damages, Equity and Restitution,* at Chicago-Kent College of Law (2019); (b) *Law of Remedies: Class Actions and Complex Litigation,* at Chicago-Kent College of Law (2018); (c) *The Class Action Fairness Act of 2005:  Selecting a Forum and Keeping It,* at the Illinois Institute for Continuing Legal Education in Chicago, Illinois (2008); (d) *Federalization of Consumer Class Action Litigation:  The Class Action Fairness Act of 2005,* at the John Marshall Law School in Chicago, Illinois (2006).

Executed in Illinois on April 14, 2021.

_____
Keith J. Keogh